IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RACHEL KIMBROUGH )
)
v. ) NO. 3-15-1106
) JUDGE CAMPBELL
XTEND HEALTHCARE, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 16). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff's Amended Complaint (Docket No. 13) alleges that Plaintiff was a former employee of Defendant who was wrongfully fired based on her gender in violation of Title VII. Plaintiff claims that she was falsely accused by a male employee of sexual harassment, that she denied the allegations of harassment, that Defendant failed properly to investigate the allegations and believed the male employee over Plaintiff, demonstrating a discriminatory motive.

Defendant has moved to dismiss Plaintiff's claim for failing to allege that she was treated differently than any similarly situated male employee, which is an essential element of her discrimination claim.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## GENDER DISCRIMINATION

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's gender. 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case, Plaintiff must show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). An essential element of a gender discrimination claim is that the plaintiff was treated differently from similarly situated employees of the opposite sex for the same or similar conduct. *McQuail v. Tenn. Technological Univ.*, 69 F.Supp.3d 701, 712 (M.D. Tenn. 2014).

Plaintiff's Amended Complaint does not allege that similarly situated males were treated differently for the same or similar conduct. She alleges that a male employee was believed and she was not believed concerning the alleged sexual harassment. As noted by Defendant, Title VII does not require an employer to believe an employee of one gender over an employee of another gender. Plaintiff is focusing on the wrong comparison.

2

Plaintiff has not alleged that the male employee with whom she compares herself was similarly situated to her. To be similarly situated, the individual with whom Plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish his conduct or the employer's treatment of him for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008). Plaintiff has not shown that she and the male employee engaged in the same conduct.

Plaintiff has not alleged that a male employee who was accused of sexual harassment was treated differently from her; that is, she has not alleged that a male employee accused of sexual harassment received a more thorough investigation and/or was not fired. In addition, Plaintiff has not alleged that she accused a male employee of sexual harassment and her complaint was ignored. She compares herself with the sexual harassment accuser, not a male employee accused of sexual harassment.

For these reasons, Plaintiff's Amended Complaint does not state a plausible claim for gender discrimination in that Plaintiff has not alleged a *prima facie* case. Accepting all the allegations of the Amended Complaint as true, Plaintiff has failed to assert that similarly-situated male employees, as defined under Title VII, were treated more favorably than she. Accordingly, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE